IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL CALLAHAN                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 3:24-CV-264-GHD-RP

ROBERT COCKERELL; et al.                           DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court in this action is the Defendants RMC Sprayfoam and Robert Cockerell's motion for summary judgment [92], the Defendants Joshua Cotner and Contractor's Choice Agency ("CCA")'s motion for summary judgment [98], the Defendant Third Coast Insurance Company ("Third Coast")'s motion for summary judgment [96], RMC Sprayfoam and Robert Cockerell's motion to exclude testimony [94] and motion to strike [139], and Third Coast Insurance Company's motion to bifurcate [101].

Upon due consideration, the Court finds the Defendants Joshua Cotner and CCA's motion for summary judgment and the Defendant Third Coast's motion for summary judgment should be granted, the Defendants RMC Sprayfoam and Robert Cockerell's motion for summary judgment should be granted in part and denied in part, the Defendants RMC Sprayfoam and Robert Cockerell's motion to exclude should be granted in part and their motion to strike should be denied, and Third Coast Insurance's motion to bifurcate should be denied as moot.

### I.    *Factual and Procedural Background*

The relevant underlying facts in this action are largely undisputed. A non-party to this action, 446 Farms, owns a storage building in Vardaman, Mississippi. In 2020, 446 Farms decided to convert the building into a storage facility for sweet potatoes. In November 2020, 446 Farms contracted with the Plaintiff Michael Callahan to perform spray foam insulation work in the

building. The Plaintiff, who owns a spray foam company, in turn subcontracted the spray foam work to the Defendant RMC Sprayfoam and its owner, the Defendant Robert Cockerell. RMC performed the work. Later, in approximately July 2021, 446 Farms notified the Plaintiff that the spray foam work performed by RMC was falling off the walls of the building and had failed. 446 Farms requested that RMC return to the subject facility to perform repairs, which RMC completed in August 2021. Issues with the spray foam insulation in the facility have allegedly continued, however, and the Plaintiff has returned to the facility over a dozen times, most recently in July 2024, to conduct repairs and corrective work, allegedly incurring thousands of dollars of unreimbursed costs in connection with his repair work.

In mid-2021, the Plaintiff, after consultation with his insurance agent, sought to pursue a claim with RMC's insurance carrier regarding his unreimbursed repair work. The Plaintiff first spoke with RMC's insurance agent, the Defendants Joshua Cotner and CCA, through whom he learned that RMC's insurer was the Defendant Third Coast, which had issued a commercial general liability insurance policy to RMC. The Plaintiff then communicated with Third Coast's third-party claims administrator, the non-party Golden State Claims Adjusters, which assigned Amanda Lopez-Longtin to handle the Plaintiff's claim. Third Coast has to date not paid the claim.

The Plaintiff filed his complaint in this action on June 4, 2024 [2]. He asserts claims for: breach of contract against all Defendants; fraud against CCA and Third Coast; breach of the duty of good faith and fair dealing, gross negligence, and bad faith against CCA and Third Coast; and intentional and negligent infliction of emotional distress against all Defendants. The Plaintiff also seeks a declaratory judgment that the Defendants are obligated to reimburse him for the past and future costs of repairs he has incurred with respect to the subject facility.

The Defendants, as noted above, have filed the pending opposed motions for summary judgment, among other motions. The Court considers the motions in turn below.

## II. Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or

presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### III. Analysis and Discussion

The Plaintiff asserts state law claims against all of the Defendants for breach of contract and intentional and negligent infliction of emotional distress. In addition, he asserts state law claims for fraud, breach of the duty of good faith and fair dealing, gross negligence, and bad faith denial of an insurance claim against the Defendants Joshua Cotner and CCA and Third Coast. He also seeks a declaratory judgment with respect to all of the Defendants. The Court will discuss each claim in turn.[1]

#### A. Plaintiff's Claims Against Third Coast

The Plaintiff asserts claims for breach of contract, fraud, breach of the duty of good faith and fair dealing, gross negligence, malice, willful disregard and bad faith denial of insurance claim, intentional and negligent infliction of emotional distress, and declaratory judgment against Third Coast. None of the Plaintiff's claims against Third Coast, nor his seeking a declaratory judgment against Third Coast, survive Third Coast's summary judgment motion.

First, the Plaintiff's claims against Third Coast, other than his seeking a declaratory judgment, are prohibited by Mississippi law. The Plaintiff, despite his attempt to argue otherwise, is a third-party to the insurance contract between Third Coast and RMC.[2] Because he is a third-

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

[2] The Plaintiff asserts that his communications with Amanda Lopez-Longtin, who works for Third Coast's third-party claims administrator, resulted in a "secondary contract" being formed between the Plaintiff and Third Coast regarding the payment of the Plaintiff's claim. The Plaintiff's evidence, however, falls far short of demonstrating that a genuine issue of material fact exists regarding the existence of a contract between himself and Third Coast. His deposition testimony, in fact, fatally undercuts his claim because he testifies, at most, to having a "feeling" that his claim was going to be paid after his communications with Ms. Lopez-Longtin [98-1, at 186]. This falls far short of what is required to establish a contract under Mississippi law. *Logan v. RedMed, LLC*, 377 So. 3d 956, 962-63 (Miss. 2024). Further, the Fifth Circuit has held that reliance on representations, even when made by an insurer's agent

4

party to the subject insurance contract, under Mississippi law the sole claim he can maintain against Third Coast is for a declaratory judgment. *Walker v. FFVA Mut. Ins. Co.*, 603 Fed. Appx. 324, 325 (5th Cir. 2015) (holding "Mississippi law prohibits direct actions by third parties against insurance companies, except where the third party brings a declaratory action against an insurer who has denied coverage or has indicated that it may deny coverage."); *Mississippi Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 942 (Miss. 2003). Accordingly, the Plaintiff's claims against Third Coast for breach of contract, fraud, breach of the duty of good faith and fair dealing, gross negligence, malice, willful disregard and bad faith denial of insurance claim, and intentional and negligent infliction of emotional distress shall be dismissed.

As for the Plaintiff's claim seeking a declaratory judgment regarding the rights and obligations that Third Coast, as RMC's insurer, owes the Plaintiff under the subject insurance policy, the Court finds that there is no coverage under the subject policy for the Plaintiff's claim. The subject policy has one potentially relevant coverage section – Section A, which covers property damage. Section A does not apply to the Plaintiff's claim, however, because he admits that he did not suffer any property damage [96-6]. Instead, the Plaintiff's claim is a request for reimbursement for expenses he has incurred in repairing the allegedly defective sprayfoam work performed by RMC. Accordingly, under the plain and unambiguous terms of the subject policy, no coverage for the Plaintiff's claim exists.[3] The Court shall therefore deny the Plaintiff's claim

---

(much less by a third-party administrator), "that contradict the policy language is unreasonable," and "oral representations can modify [an insurance] policy only if it is ambiguous; when the contractual language is plain, there can be no modification." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007). Here, the Court finds, *infra*, that the relevant policy language is unambiguous. Accordingly, the Plaintiff's argument fails.

[3] In addition, several of the Policy's exclusions potentially apply to the Plaintiff's claim, including the Damage to Your Work exclusion. [96-5, at 16]. Given the plain lack of coverage for the Plaintiff's claim under Section A's unambiguous terms, however, the Court will not delve into the policy's exclusions.

seeking a declaratory judgment against Third Coast, and Third Coast is dismissed as a Defendant in this action.

### B. *Plaintiff's Claims Against CCA and Joshua Cotner*

CCA and Cotner procured, on behalf of the Defendants Cockerell and RMC, the policy of insurance issued by Third Coast that is at issue in this case. First, the Plaintiff asserts a breach of contract claim against CCA and Joshua Cotner, who is CCA's owner. To succeed on a breach of contract claim under Mississippi law, the Plaintiff must prove two elements by a preponderance of the evidence: 1) the existence of a valid and binding contract; and 2) that the defendant has breached, or broken, it. *Maness v. K&A Enters. Of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018); *Wood v. North Mississippi Medical Center, Inc.*, No. 24-60546, 2025 WL 2270144, at *3 (5th Cir. Aug. 8, 2025). A valid and binding contract under Mississippi law requires six elements: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. *Logan*, 377 So. 3d at 962.

The Court finds the Plaintiff has not established the existence of a contract between himself and CCA/Cotner. These Defendants are not a party to the subject insurance contract between RMC and Third Coast, nor were these Defendants a party to any contract between the Plaintiff and RMC regarding the installation of spray foam at the subject facility.

While the Plaintiff argues that he and Cotner/Contractor's Choice Agency had a verbal contract regarding the Plaintiff's request for reimbursement, he has not shown the requisite mutual assent, consideration, and sufficiently definite terms required to form an enforceable contract. *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003). In short, the Plaintiff has produced no evidence evincing the existence of a contractual relationship between himself and the CCA

6

Defendants. Accordingly, no genuine issues of material fact exist as to this claim and the CCA Defendants are entitled to judgment as a matter of law. The Court shall, therefore, grant CCA and Cotner's motion for summary judgment as to the Plaintiff's claim for breach of contract.

As for the Plaintiff's claim for fraud against CCA and Cotner, under Mississippi law a plaintiff asserting a claim for fraud must demonstrate by clear and convincing evidence the existence of (1) a representation, (2) that is false, (3) that is material, (4) the speaker's knowledge of the statement's falsity or ignorance of its truth, (5) the speaker's intent that the statement be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of the statement's falsity, (7) reliance upon the statement, (8) the hearer's right to rely upon the statement, and (9) consequent and proximate injury. *Waggoner v. Denbury Onshore, L.L.C.*, 612 F. App'x 734, 739 (5th Cir. 2015). Here, the Plaintiff claims that Cotner represented to the Plaintiff that Third Coast would reimburse the Plaintiff (*i.e.*, approve his claim) and that the Plaintiff relied upon Cotner's statement to the Plaintiff's detriment. The Court finds that the Plaintiff could not have reasonably relied upon any such statement made by Cotner, however, because the approval or denial of the Plaintiff's claim was a contingent future event and was not a then-existing fact or fiction. Both Mississippi courts and federal courts construing Mississippi law have held that "fraud . . . may not be predicated on a representation as to matters in the future, or upon a promise to do some act in the future, because the person to whom such statements were made has no right to rely on them." *Davidson v. State Farm Fire & Casualty Co.*, 641 F. Supp. 503, 512 (N.D. Miss. 1986); *Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 100 (Miss. 2008) (holding that, in cases of fraud, relief cannot be based on future promises). Because the Plaintiff's fraud claim against CCA and Cotner involve contingent future events, the Plaintiff's fraud claim against these Defendants fails.

As for the Plaintiff's claims against CCA and Cotner for breach of the duty of good faith and fair dealing and for bad faith denial of an insurance claim, the duty of good faith and fair dealing arises solely in circumstances where a valid contract between the parties is in existence. *Daniels v. Parker & Assocs., Inc.*, 99 So. 3d 797, 801 (Miss. Ct. App. 2012). Likewise for the Plaintiff's bad faith claim, a plaintiff may pursue such a claim against an insurer who refuses to pay a claim in bad faith, but the Plaintiff has cited no relevant authority that such a claim extends to an insurance broker who is not involved in the subject coverage decision. Here, the Court has already found that no contract between the Plaintiff and CCA/Cotner exists, and it is undisputed that Third Coast, and not CCA or Cotner, made or will make the coverage decision relative to the Plaintiff's claim. Accordingly, these claims are without merit against these Defendants and shall be dismissed.

Finally, as to the Plaintiff's claims against CCA and Cotner for gross negligence, malice, intentional and negligent infliction of emotional distress, and reckless disregard, the Plaintiff has offered no evidentiary support whatsoever for these claims. First, the Plaintiff has not established that CCA or Cotner owed him a legal duty – they were not the Plaintiff's insurance agent or broker, and there is no evidence of the existence of a fiduciary relationship between these parties. Further, the Plaintiff has not identified any relevant evidentiary support for his assertion that CCA or Cotner acted with malice towards him or without reasonable care, or that CCA or Cotner engaged in the sort of extreme and outrageous behavior that will support a claim for the infliction of emotional distress. *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001); *Weaver v. Ross*, 391 So. 3d 1240, 1248 (Miss. Ct. App. 2024); *Lee v. MGM Resorts Mississippi, Inc.*, 200 So. 3d 1129, 1139 (Miss. Ct. App. 2016); *Coleman v. Smith*, 914 So. 2d 807, 813 (Miss. Ct. App. 2005). For those reasons, these claims against CCA and Cotner shall be dismissed. Likewise, the Plaintiff's request for a

declaratory judgment against CCA and Cotner is wholly duplicative of his underlying claims – he seeks no further declaratory resolution insofar as these Defendants are concerned. Accordingly, the Court shall dismiss this claim as well, and dismiss these Defendants from this litigation.

### C. *The Plaintiff's Claims Against RMC and Robert Cockerell*

The Plaintiff asserts claims against the Defendants RMC and Cockerell for breach of contract and intentional and negligent infliction of emotional distress.

As to the breach of contract claim, RMC and Cockerell ("the RMC Defendants") do not dispute that a verbal contract existed between the parties regarding the sprayfoam work at 446 Farms and that the RMC Defendants performed the subject sprayfoam work pursuant to that verbal contract. *Howard v. Nelson*, 394 So. 3d 1036, 1038 (Miss. Ct. App. 2024) (holding that "[i]n general, an oral contract is enforceable if it satisfies all the legal requirements for a contract."). Further, while not mentioned by either party, "[a]ccompanying every contract is a common law duty to perform with care, skill and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract." *Gilmore Co. v. Garrett,* 582 So.2d 387, 391 (Miss.1991); *Clausell v. Bourque*, 158 So. 3d 384, 391 (Miss. Ct. App. 2015) (further holding that "[t]he usual case is that the obligor must use reasonable care in his performance of the contractual duty."). This principle is particularly important in this case, given that the Plaintiff has not asserted a claim for negligence against the RMC Defendants, but rather has chosen to travel solely under a breach of contract theory.

The Court finds that the Plaintiff has shown the existence of a genuine issue of material fact related to the RMC Defendants' performance of the parties' contract given that it is undisputed that RMC performed the initial sprayfoam work at the subject facility and it is undisputed that the Plaintiff has returned to the facility more than twenty times to perform repair or corrective work on the sprayfoam installation. While RMC argues that the Plaintiff has failed to show with

9

sufficient specificity that RMC's work was faulty and led to the necessity of repairs, the Plaintiff's burden at this stage is to simply show the existence of a genuine issue of material fact as to RMC's potential breach of the parties' contract by failing to perform the subject work with care, skill, and reasonable experience.

The Court finds the Plaintiff has met this burden. Deposition testimony demonstrates that the Plaintiff has sufficiently shown the existence of a genuine issue of material fact related to the temperature settings used by RMC in applying the sprayfoam, whether the settings were too low, and whether this caused the faulty installation. Accordingly, the Plaintiff's claim for breach of contract against the RMC Defendants shall proceed.[4]

Finally, the Plaintiff asserts claims against the RMC Defendants for intentional and negligent infliction of emotional distress. As noted above with respect to the other Defendants, the Plaintiff has offered no evidence that the RMC Defendants engaged in the sort of extreme and outrageous behavior that will support a claim for the negligent or intentional infliction of emotional distress. At best, the Plaintiff simply alleges that RMC failed to meet its duty to perform the subject sprayfoam work with care, skill, and reasonable experience. The Plaintiff utterly fails to demonstrate the existence of a genuine issue of material fact that could lead to a conclusion that RMC's actions caused him emotional distress sufficient to permit his infliction of emotional distress claims to proceed. These claims shall be dismissed.

    D.    <u>The RMC Defendants' Motions to Exclude or Limit Expert Testimony</u>

The RMC Defendants have filed a motion seeking to exclude or limit the Plaintiff's

---

[4] While the Defendant additionally raises the defense of accord and satisfaction in response to the Plaintiff's contractual claim, that defense is clearly inapplicable under these circumstances. One element of an accord and satisfaction is that the offeree (here the Plaintiff) must accept the thing of value (here, presumably the RMC Defendants' work) subject to the condition that it is offered in full satisfaction of the Plaintiff's demand. The RMC Defendants present no evidence that the Plaintiff accepted RMC's work under such conditions that he waived the common law requirement that RMC perform its work with care, skill and reasonable experience.

proffered expert testimony from seven witnesses – Matt McFarling, Jeremiah Schoneberg, Heath Watkins, Jim Watkins, Paul Warren, Josh McCoy, and Tyler Riley, all of whom are designated by the Plaintiff as "non-retained experts"[5] rather than retained expert witnesses.[6]  Essentially, the motion seeks to ensure that these witnesses, none of whom provided expert reports, are not permitted to offer expert opinion testimony beyond their own personal knowledge and observations.

The Court first notes the distinction between retained and non-retained expert witnesses. A retained expert is one who is recruited to provide expert testimony "without any prior, personal knowledge of the facts giving rise to" the subject litigation.  *Ferrara Land Management, LLC v. Landmark American Ins. Co.*, No. 1:19cv956-HSO-JCG, 2021 WL 4819461, at *2 (S.D. Miss. July 19, 2021).  These experts, who are designated pursuant to Fed. R. Civ. P. 26(a)(2)(B), provide written expert reports and are permitted to offer expert opinions that utilize their expertise.  On the other hand, non-retained experts designated under Fed. R. Civ. P. 26(a)(2)(C), such as treating physicians and the subject witnesses in this matter, are not required to provide written expert reports, but rather simply a statement regarding the subject matter on which they are expected to testify, which the Plaintiff accomplished in this matter [94-1].  However, given the lesser disclosure and written report requirements, non-retained experts are limited to the opinions those experts formed as a result of their personal knowledge of the case gained through their direct

---

[5]  While the Plaintiff designated three of the seven witnesses as "retained non-experts" rather than "non-retained experts," it is clear to the Court that was a simple clerical error on the part of Plaintiff's counsel.  The three subject witnesses were designated in the same document as the other four witnesses, and all seven designations met Fed. R. Civ. P. 26(a)(2)(C)'s requirement to provide a statement regarding the subject matter on which they are expected to testify.  Thus, the Court deems all seven to be "non-retained expert" witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(C).

[6]  The RMC Defendants have also filed a motion seeking to strike the Affidavit of Garth Horn, which was attached to the Plaintiff's response to the RMC Defendants' summary judgment motion [110-3].  The Court denies the motion to strike as moot – the Court did not make use of the subject affidavit in adjudicating the RMC Defendants' summary judgment motion.

observation, and they cannot be asked to opine about broader issues beyond their own personal involvement, unlike retained experts who have submitted written reports. *Ferrara Land Management*, 2021 WL 4819461, at *2 (holding that a non-retained expert's testimony "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation.").

The Court agrees with the RMC Defendants that these witnesses, who were designated under Fed. R. Civ. P. 26(a)(2)(C) and L.U.Civ.R. 26(a)(2)(D) and thus did not provide written expert reports but rather statements regarding the subject matter on which they are expected to testify, shall be limited in their testimony to their *personal* knowledge and observations, and shall not be permitted to offer expert testimony related to their subsequent (*i.e.*, post-August 2021) review of documents or evidence related to this case.

Finally, as always, the Court is confident that it can protect against the possibility of objectionable expert testimony at trial without resorting to a blanket ban on all testimony by these witnesses. See, e.g., *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019). The RMC Defendants may certainly offer timely objections at trial to any testimony from these witnesses they deem objectionable.

## IV. Conclusion

In sum, for all of the foregoing reasons, the Court finds that the Defendants RMC Sprayfoam and Robert Cockerell's motion for summary judgment [Doc. No. 92] should be granted in part and denied in part - the motion shall be denied as to the Plaintiff's claim for breach of contract against these Defendants and that claim shall proceed to trial, with the remainder of the motion being granted and all claims against the RMC Defendants other than for breach of contract being dismissed with prejudice. The Court further finds that the Defendants Joshua Cotner and

Contractor's Choice Agency's motion for summary judgment should be granted, and the Plaintiff's claims against these Defendants dismissed with prejudice, and the Defendant Third Coast Insurance Company's motion for summary judgment should be granted, and the Plaintiff's claims against this Defendant dismissed with prejudice. Finally, the Defendant Third Coast Insurance Company's motion to bifurcate trial shall be denied as moot, the Defendants RMC Sprayfoam and Robert Cockerell's motion to exclude or limit expert testimony shall be granted in part as described herein, the RMC Defendants' motion to strike shall be denied, and the Plaintiff's request for a declaratory judgment shall be denied in its entirety.

An order in accordance with this opinion shall issue this day.

THIS, the 23rd day of October 2025.

_____
SENIOR U.S. DISTRICT JUDGE